J-A07001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: BRIAN MCLAUGHLIN ESQ. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 587 EDA 2018 |

Appeal from the Order Entered January 23, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-0000933-2016,
FID: FN-000856-2016

| | | |
|---|---|---|
| IN THE INTEREST OF: B.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: BRIAN MCLAUGHLIN ESQ. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 588 EDA 2018 |

Appeal from the Order Entered January 23, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-0000935-2016,
FID: FN-000856-2016

BEFORE:   LAZARUS, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 29, 2019**

Appellant, Brian McLaughlin, Esquire, appeals from the order entered on January 23, 2018, holding him in civil contempt of court and fining him $750.00.  Upon review, we vacate the order.

We briefly summarize the facts and procedural history of this case as follows.  Appellant represented the mother in an underlying termination of

_____

\*   Former Justice specially assigned to the Superior Court.

parental rights matter regarding her minor children, K.R. and B.T. There is no dispute that when the case was called for a termination of parental rights hearing, on November 30, 2017, Appellant was in another courtroom before the Honorable Robert J. Rebstock in a delinquency matter. **See** Appellant's Brief at 8; Trial Court Opinion, 7/19/2018, at *2 (unpaginated) ("[Appellant] was appearing in another courtroom on a delinquent matter."). Because the termination case was marked "must be tried" and Appellant had notice of the November 30, 2017 proceeding, the trial court determined that Appellant failed to appear and "issue[d] a rule to show cause why he should not be held in contempt" of court.[1] N.T., 11/30/2017, at 14. On January 23, 2018, the

---

[1] Thereafter, the procedural history is convoluted, in contention between the trial court and Appellant, and not germane considering our ultimate disposition. However, in order to understand the case fully and the issues presented on appeal, we note the following. The trial court bifurcated the contempt proceeding from the termination matter and listed the "contempt [proceeding] for December 7, 2017 while continuing the [underlying termination hearing] only until December 19, 2017." **See** Appellant's Brief at 9. At a hearing on December 7, 2017, the trial court recognized that it did not "issue the appropriate rule returnable" and needed to "generate a new [contempt hearing] date." N.T., 12/7/2017, at 4. Dates were discussed, but not formalized. The hearing ended without a set date for the contempt proceeding and the trial court noting it was not available until after January 4, 2018. **Id.** at 7. "On December 18, 2017, Appellant filed a motion to withdraw as mother's counsel, citing the conflict created by the pending contempt hearing." Appellant's Brief at 11. On December 19, 2017, Appellant appeared for the termination hearing wherein the trial court advised it was "going to continue this matter until after the contempt hearing which [was] scheduled to be heard on January 8, 2018." N.T., 12/19/2017, at 4. The December 19, 2017 transcript ends abruptly on the next page, stating "[d]ue to a technical malfunction, the last 30 seconds of the hearing was not recorded. The hearing was concluded at 2:28 p.m. [and t]he next court date given was January 23, 2018." **Id.** at 5. Appellant suggests that, "70 minutes

trial court entered an order holding Appellant in civil contempt and fining him

$750.00.    This timely appeal resulted.[2]

In sum, Appellant contends on appeal that the trial court:  (1) failed to

give proper notice of the contempt hearing; (2) inexplicably bifurcated the

_____

of testimony/argument/discussion (particularly with regard to the next court dates) [is] missing from the transcribed record." Appellant's Brief at 11.  On January 8, 2018, Appellant contends that he appeared for what he believed was the scheduled time for the contempt hearing, waited for hours in the courtroom, and the trial court never heard the matter.  *Id.* at 14.   Thereafter, on January 23, 2018, when counsel appeared for what he believed was the underlying termination of parental rights matter, he claims the trial court "ambushed" him with the contempt proceeding where he did not have the opportunity to present a proper defense.  *Id.* at 13.  Appellant avers that he discovered the trial court entered a "fraudulent" continuance order for the contempt proceeding without his request or knowledge and that he did not receive notice of the continuance.  *Id.* at 12-13.  Appellant presented all of these allegations of procedural error to the trial court in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  He raises them again on appeal to this Court.  *See* Appellant's Brief at 7.

[2] Appellant filed a motion for reconsideration on January 31, 2018.  The trial court did not rule on Appellant's motion.  Appellant filed a notice of appeal on February 21, 2018.  On April 20, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely.   The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 19, 2018.  However, in its Rule 1925(a) opinion, the trial court does not address the precise issues Appellant presented or detail the procedural history after the November 16, 2017 dependency hearing.  *See* Trial Court Opinion, 7/19/2018, at *1-2 (unpaginated). "The Rules of Appellate Procedure make the filing of a 1925(a) opinion mandatory and this opinion must set forth the reasons for the rulings of the trial judge or must specify in writing the place in the record where the reasons may be found." *See Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005), *citing* Pa.R.A.P. 1925(a). "Ordinarily, the remedy for non-compliance with the Pa.R.A.P. 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." *Id.* (citation omitted).  However, as will be discussed, our ultimate disposition does not require us to analyze the procedural history of the case and, thus, remanding for an additional 1925(a) opinion is unnecessary.

civil contempt hearing from the termination of parental rights matter; (3) issued a "fraudulent" and unrequested continuance order regarding contempt; (3) failed to properly docket documents; (4) held a hearing wherein 70 minutes of testimony, argument, and discussions of potential dates for future proceedings were missing and not transcribed, and (5) ultimately "ambushed" him with the contempt proceeding where he was unable to call witnesses or properly prepare his defense. *See* Appellant's Brief at 23-30.

"Our review of contempt orders is limited to determining whether the trial court abused its discretion." *K.M.G. v. H.M.W.*, 171 A.3d 839, 844 (Pa. Super. 2017) (citation omitted). We have described judicial discretion regarding contempt orders as follows:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Id.* (citation omitted). "Although we must afford the trial court great deference as the fact-finder, to withstand appellate review, the trial court's factual findings must have support in the record." *Id.* (citation omitted).

"Generally, failure to comply with an order is a matter of civil contempt, because the court's contempt adjudication seeks to coerce compliance." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013) (citation omitted). This Court, however, has emphasized that

the mere showing of noncompliance of a court order or misconduct, is never sufficient, alone, to prove contempt. The order or decree which the contemnor has been held to have violated, must be definite, clear, and specific—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. Moreover, the contemnor must have had notice of the order he disobeyed, the act constituting his violation must be volitional[,] and he **must have acted with wrongful intent**. Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the [contemnor].

***K.M.G. v. H.M.W.***, 171 A.3d at 846 (citation omitted) (emphasis added).

We have stated:

In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt. Unless the evidence establishes an intentional disobedience or an intentional disregard of the lawful process of the court, no contempt has been proven.

***Sutch v. Roxborough Memorial Hosp.***, 142 A.3d 38, 68 (Pa. Super. 2016)

(internal citations, quotations, and brackets omitted).

Here, the trial court determined:

In the present matter, [Appellant] not only violated the [c]ourt [o]rder but it was clear by his conduct after the ruling of contempt he noted his absence seeking to apologize to the court for his absence. However, where counsel of record is attached by a judicial authority requiring his attendance in a legal proceeding, apologies for failing to comply were insufficient for the delay caused.

The [c]ourt acted reasonable in affixing the civil contempt fee in the amount of $750.00. Hence, [Appellant] was held to be in contempt of court and required to pay First Judicial District a violation fee in the amount of $750.00.

The [c]ourt did not commit an error of law and abuse of discretion when it based its finding of contempt, as the [c]ourt is authorized in its discretion to make decisions in the best interest of K.R. and B.T. The [c]ourt in its discretion determined [Appellant's] unavailability required the hearing to be continued resulted in an unreasonable delay in permanency for K.R. and B.T.

Counsel for [Appellant] failed to present witnesses or evidence to support [] Appellant's position.

The [c]ourt reflected [Appellant] failed to appear for a hearing for which the matter was marked must be tried and all counsel of record were attached. The [c]ourt reiterated [Appellant] violated the [c]ourt [o]rder of November 16, 2017 for his failure to appear in the courtroom where the permanency for K.R. and B.T. was delay[ed] as a result. The [c]ourt stated all parties, social workers, witnesses and other counsel of record other than [Appellant] were presented in a timely manner and were prepared for the hearing to proceed as scheduled. The [c]ourt reflected an additional delay of thirty minutes was afforded to [Appellant] on November 16, 2017 as it was reported by the [c]ourt [c]rier that [Appellant] was in another courtroom at the bar of the bench.

Counsel for [Appellant] argues failure of notice of the hearing interfered with [Appellant's] opportunity to prepare a defense. The [c]ourt allowed [c]ounsel for [Appellant] opportunity to present witnesses, however no witnesses were present at the hearing. The [c]ourt did not preclude Appellant from calling witnesses necessary to his defense, which witnesses included the presiding jurist in the summoning courtroom.

The [c]ourt recounted the chronological docket listings and occurrences including the request for continuance by [c]ounsel for [Appellant]. The [c]ourt PAC-File system included all copies of [c]ourt [o]rders and hearing notices. The [c]ourt did not fail to provide notice of the hearing.

Counsel for [Appellant] was very combative and disrespectful to the [c]ourt in her presentation of her argument in defense of her client's actions.

The [c]ourt did not abuse it's [sic] discretion when it found [Appellant] in civil contempt for failing to attend a hearing

whereby all counsel of record including [Appellant] were attached in a compulsory matter.

Trial Court Opinion, 7/19/2018, at *4-5 (unpaginated).

Based upon our standard of review, we conclude that the trial court did not make a requisite finding that Appellant acted with wrongful intent and the record does not otherwise support such a determination. There is simply no evidence that Appellant left the termination of parental rights hearing with wrongful intent. As the trial court noted, Appellant was "summoned" to another courtroom and he was arguing another matter before another judge. Caught between the directions of two judges, Appellant did not display an intentional disobedience or an intentional disregard of the lawful process toward the trial court. Moreover, we note that the trial court's analysis focuses almost entirely on Appellant's mere lack of presence in violation of a court order. A violation without wrongful intent, however, is not enough to support a finding of civil contempt. The trial court also cites the delay in the permanency of the placement of the children at issue and on Appellant's, and his counsel's, subsequent actions after finding contempt. However, those observations do not support a finding that Appellant willfully, and with wrongful intent, violated the trial court's order to appear at the termination of parental rights hearing. Accordingly, we discern that the trial court erred as a matter of law and abused its discretion in finding Appellant in civil contempt.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/19